UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CHRISTOPHER JUSTIN EADS,            :
                                    :
         Petitioner,                :    Civ. No. 19-17564 (NLH)
                                    :
    v.                              :    OPINION
                                    :
J.L. JAMISON,                       :
                                    :
         Respondent.                :
_____ :

APPEARANCE:
Christopher Justin Eads, No 10391-028
FCI Fairton
P.O. Box 420
Fairton, NJ 08320
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Christopher Justin Eads, a prisoner presently incarcerated at the Federal Correctional Institution at Fairton in Fairton, New Jersey, brings this action pursuant to 28 U.S.C. § 2241 to challenge access to his criminal cases by other prisoners at FCI Fairton via the Lexis/Nexis legal database, which is accessible by prisoners at FCI Fairton.  ECF No. 1. Petitioner alleges that he was assaulted by another prisoner after that prisoner had accessed Petitioner's criminal proceedings via Lexis/Nexis.  Id.  For the reasons that follow, the Petition will be summarily dismissed without prejudice.

BACKGROUND

Petitioner filed the Petition on September 3, 2019, and paid the requisite $5.00 filing fee. ECF No. 1. In the Petition, Petitioner explains that he is presently serving a federal sentence imposed on June 4, 2012, by the U.S. District Court for the Southern District of Indiana, No. 11-cr-239. Id.

Petitioner states that he is challenging the "unpublishing of case from the Lexis-Nexis computer system in the Federal Bureau of Prisons for safety and security reasons." Id. at 3. He requests that case numbers 11-cr-239, 14-cv-1169, and 17-cv-2475 be removed for his safety. Id. According to the Petition, Petitioner has exhausted this issue through the administrative remedy process, where he argued that "he was assaulted by his cellmate because other inmates had looked at his cases on the Lexis-Nexis computer in the prison and if Petitioner's case was not published in the Lexis-Nexis legal computer at the prison, he would not have been assaulted." Id. at 3-4. Further, Petitioner alleges that he is "not challenging my criminal conviction, just that my case should be removed from inmate access or viewing for safety and security reasons." Id. at 5. Finally, Petitioner explains in his request for relief that he is requesting that,

> [T]his Court remove the three above cases from ONLY the Lexis-Nexis computers/system. Petitioner fears for his future safety and security, as he was already

2

>           assaulted once before because of his case publishings
>           on Lexis-Nexis.  Petitioner is not asking that his
>           case be sealed from public record, just on the Lexis-
>           Nexis system, so that other inmates cannot view his
>           case, and to prevent another risk of harm to his
>           safety and security.  . . .  Petitioner believes that
>           this 2241 is the proper request in which to have his
>           case removed from the Lexis-Nexis system.

Id. at 8.

STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Although the petitions of pro se litigants are held to less stringent standards than those pleadings drafted by lawyers, see Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010), the habeas petition must "specify all the grounds for relief available to the petitioner, "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254, Rule 2(c) (applicable to § 2241 petitions pursuant to Rule 1(b)).

Habeas Rule 4 requires a judge to sua sponte dismiss a habeas petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254, Rule 4 (applicable to § 2241 petitions through Rule 1(b)). See also 28 U.S.C. § 2243 ("A court . . . shall

forthwith . . . issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Lonchar v. Thomas, 517 U.S. 314, 320 (1996). See McFarland, 512 U.S. at 856 ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

DISCUSSION

The Petition must be summarily dismissed without prejudice because Petitioner challenge to the conditions of his confinement cannot be considered in a § 2241 petition. Here, Petitioner specifically alleges that he is not challenging his conviction or sentence but rather the conditions of his confinement. Petitioner is required to bring his conditions of confinement claims under 42 U.S.C. § 1983 instead of § 2241. See Doe v. Pa. Bd. Of Prob. & Parole, 513 F.3d 95, n.3 (3d Cir. 2008); Leslie v. Att'y Gen. of U.S., 363 F. App'x 955, 958 (3d Cir. 2010) (holding that the petitioner's § 2241 habeas petition "was not the proper vehicle to raise his [conditions of confinement] claims."); Quero v. Hufford, 2011 WL 2414327, *5

4

(M.D. Pa. May 18, 2011) ("Challenges to conditions of confinement are not within the scope of habeas corpus."). Because the claims Petitioner seeks to bring are not cognizable under § 2241, the Petition must be dismissed without prejudice.

CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.[1] An appropriate Order follows.

Dated: October 11, 2019　　　　　　　　s/ Noel L. Hillman
At Camden, New Jersey　　　　　　　　NOEL L. HILLMAN, U.S.D.J.

---

[1] As the Third Circuit noted in Henry v. Chertoff, 317 F. App'x 178 (3d Cir. 2009), a dismissal without prejudice of a § 2241 petition will not prevent the Petitioner from appropriately challenging his detention if the circumstances warrant it in the future. Henry, 317 F. App'x at 179-80.